MAUD VAN NOORDT, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Argued June 17, 1920—Decided November 15, 1920.

A foot-bridge, erected by a railroad company over its right of way to connect the ends of a public street terminating on each side of the right of way, and used by the employes of the railroad company and others by express and implied invitation is, in the absence of any act of dedication and acceptance of said bridge as a public way, a private structure, and the railroad company owes to a user thereof the duty of using ordinary care to make the premises reasonably safe.

On appeal from the Supreme Court.

For the appellant, *Walter J. Larrabee.*

For the respondent, *Ward & McGinnis.*

The opinion of the court was delivered by

KATZENBACH, J. This is an action instituted by the plaintiff to recover damages for personal injuries resulting from a fall while descending the steps of a foot-bridge erected by the Delaware, Lackawanna and Western Railroad Company, the defendant, over its tracks at Factory street, in the city of Passaic. The plaintiff recovered a verdict and the railroad company appeals.

Factory street, in the city of Passaic, is a public highway extending from Bismarck street westwardly to the easterly line of. the railroad's right of way and from the westerly line of the right of way westwardly to Van Houton avenue. The severance of the street by the land of the railroad company produces a *cul de sac* on each side of the right of way. Upon Factory street are located factories employing large numbers of operatives. Prior to 1914, many of these op-

eratives, in going to and from the places of their employment,
crossed at grade the five tracks of the railroad company,
thereby endangering their lives. In order to stop this tres-
passing and perhaps to avoid the laying out of Factory
street at grade over its right of way, necessitating gates,
watchmen and mechanical warning appliances, the railroad
company presented to the mayor and commissioners of the
city of Passaic its petition, stating that the landowners and
factory operators in the vicinity of Factory street had re-
quested the railroad company to connect Factory street across
its tracks by a foot-bridge, which it was willing to do, pro-
vided it could obtain permission from the city of Passaic
to erect the abutments, approaches and stairs of the bridge
within the limits of Factory street. The petition concluded
with the prayer that the city grant to the railroad company
the right to erect and maintain piers and stairways as shown
upon a plan annexed to the petition. The petition was
referred to the director of streets and public improvements,
who recommended that the permission be granted on con-
dition that the bridge be located on a line with the center of
Factory street. The recommendation of the director was
adopted at a meeting of the board of commissioners held
June 17th, 1914. The railroad company constructed the
bridge of steel with concrete floor and stairway approaches
protected by hand rails. Fences were erected to prevent the
crossing of the tracks at grade at this point. The plaintiff,
with others, was directed by the railroad company's employes
to use the bridge. The Manhattan Rubber Company, plaint-
iff's employer, placed notices in the pay envelopes of its
employes directing them to use the bridge, and posted notices
in the mill, cautioning them not to trespass on the tracks
of the railroad company. The plaintiff, in going to and from
her work, used the bridge. On February 16th, 1916, about
six forty-five A. M., as the day was just breaking, the plaint-
iff, in descending the lower flight of steps on the westerly
side, slipped on some snow and ice and fell to the bottom of
the steps, fracturing the base of her spine. The uncontra-

dicted testimony was that there had been snowfalls on February 11th, 12th and 13th, approximating seven° inches, and that from February 11th to the time of the accident the temperature had not risen above the freezing point, and that no effort had been made by the railroad company to clean the snow from the bridge during this time or at any other time. Of these conditions the plaintiff had knowledge.

At the conclusion of the plaintiff's case, a motion to nonsuit was made on the ground that the bridge was a public way; that the defendant was not required to use ordinary care in making the premises reasonably safe, and was guilty of no actionable wrong in failing to do so. This motion was denied as was also a motion to direct a verdict based on the same grounds made at the conclusion of the defendant's testimony. The denial of these motions are the grounds of appeal. The sole question for decision is whether this footbridge is a public way or a private structure. If the bridge is a public way then no duty was imposed on the railroad company to clean the natural accumulation of snow and ice from the structure. *Lightcap* v. *Lehigh Valley R. R. Co.*, 87 *N. J. L.* 64. If the bridge is a private structure the judgment must be affirmed, as the evidence is ample to justify the conclusion reached by the jury that the railroad company failed in its duty toward the plaintiff of using ordinary care to make the premises reasonably safe. The question presented is one not free from doubt. Factory street was not laid out over the railroad company's right of way. The railroad company evidently desired to avoid any action towards this end. To connect the ends of Factory street by a highway would result in placing upon the railroad company the burden of protecting the crossing. The persistent trespassing of the factory operatives upon the tracks adjacent to Factory street, the requests to the railroad company of landowners and factory operatives to connect the ends of Factory street by a foot-bridge across its tracks, were indications of the necessity of speedy action to save Factory street from being laid out across the tracks of the railroad. The railroad company then

applied to the city for the right to erect and maintain, within the boundaries of Factory street, piers and stairways for a bridge across its tracks. It did not offer in its petition to make the bridge a public way. It did not even say in its petition that it was for the use of the public. After the erection of the bridge the railroad company made no deed of dedication of the bridge to the city of Passaic or did no act which deprived it of the full and absolute control of the bridge at all times and for all purposes. The railroad company did nothing to disenable it from discontinuing at any time its use, or from removing it, if in the future, removal would better serve its interests.

The employes of the railroad company used the bridge and they told the plaintiff and others that they must use it. The railroad company made its use compulsory by placing a fence along the company's tracks so that no longer could its employes or factory operatives cross its tracks at this point. The railroad company thus invited the public to use it, but the railroad company at all times retained title and full control of the bridge so far as we can gather from the record.

The appellant relies upon two cases in this state to support its contention that the bridge is a public way, viz.: *Black* v. *Central Railroad Co.*, 85 *N. J. L.* 197, and *Reaney* v. *Central Railroad Co.*, 89 *Id.* 282. In the Black case the plaintiff was injured at a grade crossing by a locomotive because of the failure to give statutory or other warning of its approach. The defendant contended that the *locus in quo* was a private way and the plaintiff a trespasser to whom no duty of warning was owed. While the *locus in quo* was a private way, it had the appearance of a public street, and this court held that having the appearance of a public street the defendant was under the same duty to the plaintiff as if it were a public street. From this case the defendant in the instant case argues that the bridge was a public way and the defendant under no duty to clean the ice and snow from the structure. The Black case rests upon the doctrine of estoppel. The law will not permit one to hold out to another that which appears to be something other than it is without in-

curring the liability incident to that which it appears to be. Thus it has been held that where a railroad company used a part of a public street as the only way of approach to its trains, a passenger did not lose the relation of passenger by using that part of the street to board a train, and that the railroad company was under the same duty to the passenger as if the street was a part of the station premises. *Atlantic City Railroad Co. v. Clegg,* 183 *Fed. Rep.* 216. In the instant case there was nothing held out to the plaintiff which had the appearance of anything other than it was. The bridge bore no resemblance to a street. It was a bridge. Anyone could see it was a bridge. It spanned the railroad company's right of way. It was narrower than Factory street and was being maintained by the railroad company. It bore no signs indicating it was a public way. We cannot see how the Black case and the Reaney case (which dealt with the same private way) are authorities for holding that this bridge was in effect a public way. In the instant case there is no element of estoppel which is the controlling feature of the Black and Reaney cases.

The defendant cannot blow hot and cold. It purposely, as we think, did no act which would estop it from claiming when it desired to do so that the bridge was a private structure. Having taken this position, it should not now be permitted to escape the liability imposed upon the owner of a private structure in favor of one who has been invited to use it by declaring it to be a public way. We hold that the bridge is a private structure and affirm, with costs, the judgment rendered below in favor of the plaintiff.

*For affirmance*—MINTURN, KALISCH, BLACK, KATZEN-BACH, WHITE, HEPPENHEIMER, TAYLOR, ACKERSON, JJ. 8.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, BERGEN, WILLIAMS, JJ. 4.